**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2012

No. 11-50559
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSA CHAVEZ AYERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2634-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rosa Chavez Ayers appeals the sentence imposed upon her guilty plea conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. *See* 21 U.S.C. §§ 841, 846. She argues (1) that the district court erred in determining the amount of cocaine involved in the offense for purposes of calculating her base offense level under the Sentencing Guidelines, (2) that the district court erred in assessing a two level enhancement based on her role in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense as an organizer or leader, and (3) that the district court erred in denying her the "safety valve" reduction in her sentence.

Regarding the amount of cocaine involved in the offense, Ayers contends that the 5.1 kilograms identified at sentencing was the gross weight of the cocaine plus its packaging and that the lab report from the Drug Enforcement Administration (DEA) indicates that the net weight after removal of the packaging was 4,848 grams (4.8 kilograms). This is significant because if the amount of cocaine involved was less than five kilograms, Ayers's base offense level under the Guidelines would have been lower and would have resulted in a lesser range of imprisonment. *See* U.S.S.G. § 2D1.1(c). The district court rejected this argument, finding that Ayers had misconstrued the lab report. What the report in fact showed, found the district court, was that the total amount of cocaine sent to the DEA for testing (including packaging, it appears) was 5,485 grams, and the amount of cocaine left after the packaging and a small, test portion were removed was 4,848 grams. Ayers has not shown that the district court clearly erred in determining the amount of cocaine involved in the offense (i.e., 5.1 kilograms). *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

Ayers argues that the district court erred in finding that she held an aggravating role when her participation was limited in time and scope and the Government provided insufficient evidence to prove organizer status. *See* § 3B1.1. She argues further that absent the aggravating role enhancement, it was error for the district court not to grant her the "safety valve" reduction because there was no evidence that she was untruthful or that she did not provide substantial assistance. *See* § 5C1.2.

Information in the presentence report indicated that Ayers negotiated the instant sale of cocaine to her codefendant, Letitia Valdez-Rubio (Valdez) and was a source for Valdez. In other instances, Ayers delivered cocaine to Valdez and paid Valdez to transport it to Florida. The drug proceeds were given to Ayers,

who turned the proceeds over to other unindicted coconspirators. According to Valdez, Ayers introduced her to a woman in Miami named Maria and instructed her to transport and deliver cocaine to Maria. Ayers gave Valdez specific instructions on when to leave and where to pick up the cocaine. Ayers would then notify other unindicted coconspirators what vehicle Valdez was driving. Ayers organized the cocaine smuggling venture at issue in this case and was to receive $500 per kilogram of cocaine transported and sold. Thus, Ayers was the source of the cocaine for Valdez, and she directed Valdez's actions in completing the transaction. The district court's finding that Ayers was a leader or organizer is plausible in light of the record as a whole. *See United States v. McMillan*, 600 F.3d 434, 457-58 (5th Cir. 2010). The district court did not err in assessing points for a leader-organizer role in the offense. *See* § 3B1.1(c).

Since the "safety valve" provision in § 5C1.2 is inapplicable if the defendant was an organizer or leader in the offense, the district court did not err in failing to award Ayers a sentencing reduction under this guideline. *See* § 5C1.2(a)(4).

AFFIRMED.